# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DARYL ANTHONY GREEN** | |
| Appellant, | Civil No. **PJM-21-936** |
| v. | Civil No. **PJM-21-1332** |
| **CHRISTINE NIZER**, *et al.*, | Civil No. **PJM-21-2666** |
| Appellees. | |

## MEMORANDUM OPINION

Pending before the Court are three of scores of appeals that Daryl Anthony Green has filed in this Court arising out of his Chapter 13 petition and related bankruptcy proceedings. These particular appeals are linked to an adversary complaint (Adv. No. 20-0246) Green filed against Christine Nizer, Maryland Motor Vehicles Administrator; Brian Frosh, Attorney General of the State of Maryland; Lourdes Padilla, Maryland Secretary of Human Services; and Gloria Brown-Burnett, Director of the Department of Human Services, Office of Child Support, Prince George's County, Maryland ("Appellees") in their official capacity as state officials. The appeals relate to Green's claims for injunctive and declaratory relief, including reinstatement of his driver's license, which was suspended following Green's failure to pay child support obligations. The first appeal, Case No. PJM-21-936, seeks review of an Order denying Green's motion to appoint counsel. The second appeal, Case No. PJM-21-1332, seeks review of an Order denying his motion to reconsider an order denying his motion for a temporary/permanent restraining order. The third appeal, Case No. PJM-21-2666, seeks review of an order staying the adversary proceeding. For the reasons that follow, each appeal will be **DISMISSED**.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 18, 2019, Green filed a voluntary Chapter 13 petition for bankruptcy. As part of that proceeding, the Prince George's County Office of Child Support ("PGOCS") filed a proof of claim on behalf of Green's ex-wife, asserting that Green owed $19,915.88 in unpaid child support, arising from a divorce case dating back to 2011. Green's child support obligation was first established in the 2011 case through an order requiring him to pay $407 per month in child support. While Green made payments sporadically, several enforcement actions were required to be taken by PGOCS, including the suspension of Green's driver's license.

The Court has previously addressed many other of the multifarious appeals by Green of bankruptcy court orders relating to PGOCS's proof of claim and incorporates by reference its opinions and orders resolving those appeals. *See Green v. Prince George's Cty. Off. of Child Support*, No. CV TDC-19-2852, 2020 WL 4436371, at *1 (D. Md. Aug. 3, 2020), *reconsideration denied*, No. CV TDC-19-2852, 2021 WL 1062013 (D. Md. Mar. 19, 2021), *aff'd*, 858 F. App'x 652 (4th Cir. 2021); *Green v. Prince George's Cty. Off. of Child Support Enf.*, No. TDC-19-3449 (D. Md. Dec. 23, 2020) (ECF No. 14).

Back to the present case: On August 7, 2020, Green filed an adversary complaint against Appellees. Adv. No. 20-0246. Green's complaint alleges that his rights under the federal and Maryland Constitutions were violated by the imposition of the child support obligation. He also alleges that Appellees have committed fraud, conspiracy to commit fraud and intentional infliction of emotional distress. In the adversary proceeding, Green seeks various forms of injunctive and declaratory relief, including a declaration that the suspension of his driver's license, passport, and hunting license violated his substantive and procedural due process rights. Adversary Compl. at 12–15. Green has filed certificates of service asserting that he had properly served Appellees, but

on October 22, 2020, Appellees moved to strike service, which was granted by the Bankruptcy Court on October 27, 2020. On January 7, 2021, Green filed a document stating that each of the Appellees had been served on November 5, 2020.

On February 8, 2021, Green filed a motion to appoint counsel. On March 26, 2021, the Bankruptcy Court denied the motion, explaining that Green's allegations did not establish exceptional circumstances that would allow the appointment of counsel in a civil case. On April 15, 2021, Green filed a Notice of Appeal, resulting in PJM-21-936, but just as in other of his appeals, Green has not sought to designate the record on appeal, nor has he filed an appellant brief.

On February 17, 2021, Green filed an "Order for Temporary and Permanent Restraining Order." On April 5, 2021, the Bankruptcy Court issued an order, explaining that it interpreted Green's filing as seeking the same injunctive relief set forth in the Adversary Complaint. The court further explained that even if the motion were a standalone motion, it should be denied because Green did not allege facts sufficient to satisfy the high burden for obtaining a temporary restraining order. The Bankruptcy Court stated that it would consider Green's request for injunctive relief along with the other causes of action asserted in the Complaint. On April 19, 2021, Green filed a motion for reconsideration, asking the Bankruptcy Court to reconsider its April 5, 2021 Order. The court denied the motion and Green filed a Notice of Appeal, resulting in PJM-21-1332. Once again, Green has not sought to designate the record on appeal, nor has he filed an appellant brief.

On August 5, 2021, the Bankruptcy Court issued an order staying the adversary proceeding pending the resolution of a motion to dismiss in Green's main bankruptcy case. It explained that the motion to dismiss and the adversary proceeding shared common issues and that staying the adversary proceeding would simplify the matters pending in Green's bankruptcy case as well as

3

limit the burdens on both the parties and the Bankruptcy Court. On October 25, 2021, Green filed a deficient Notice of Appeal, so that on November 2, 2021, he filed an Amended Notice of Appeal, resulting in PJM-21-2666. True to form, Green has not sought to designate the record on appeal, nor has he filed an appellant brief.

## DISCUSSION

Pursuant to Federal Rules of Bankruptcy Procedure, a bankruptcy appellant must file a designation of record on appeal within 14 days of the notice of appeal. Fed. R. Bankr. P. 8009(a)(1)(B). The Rules also make plain that an appellant must serve and file a brief within 30 days after "the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). The Rules further provide that if an appellant fails "to take any step other than the timely filing of a notice of appeal," the district court hearing the appeal has the authority to "act as it considers appropriate," such as, by "dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). *See also In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995) ("In dealing with their own appeals, courts of appeals thus exercise discretion in light of all the circumstances in deciding whether noncompliance with non-jurisdictional filing requirements warrants dismissal . . . In bankruptcy appeals district courts should have similar discretion to reach a fair result in dealing with late filings." (internal citations and quotations omitted). Additionally, the Local Rules of the District of Maryland permit the Court, upon its own initiative or upon the motion of the appellee, to dismiss the appeal if the appellant has failed to comply with Bankruptcy Rules 8009 or 8018. Local Rules 404.2, 404.3.

Before dismissing an appeal under Rule 8003(a)(2), the court must take at least one of the following steps: "(1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect

on the other parties; or (4) indicate that it [has] considered the impact of the sanction and available alternatives." *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992).

As discussed in *Green v. Shellpoint Mortgage Services, et al.*, Civil Nos. PJM-21-0680, PJM-21-1334, PJM 21-2443, Green has demonstrated a history of bad faith that is both wide and deep, and certainly at a minimum gross negligence in his bankruptcy proceedings and appeals. Green has appealed nearly every order of the Bankruptcy Court and has been made fully aware of the Federal Rules of Bankruptcy Procedure 8009(a)(1)(B) and 8018 (which require him to file and serve his designation within 14 days of his appeal and to file and serve a brief within 30 days of his appeal). Yet Green intentionally fails to comply with the Rules. To emphasize: In these three appeals, Green has neither designated the record nor filed any briefs. He has also failed to move for extensions of time. Green continues to notice appeals, without a doubt for the purpose of delaying the liquidation of his assets in his bankruptcy case. Green surely knows that he has failed to properly designate the record or file appellant briefs because he has been ordered to comply with these Rules many times before. Given his lengthy record of untimely, deficient filings in this and other related bankruptcy proceedings, Green's appeals will be dismissed.

Even assuming Green had timely designated the records and timely filed opening briefs, the Court would be justified in dismissing his appeals because none involves a final judgment or order that is properly appealable. This Court has jurisdiction to hear appeals of the Bankruptcy Court's "final judgments, orders, and decrees." 28 U.S.C. § 158(a). Bankruptcy orders are final appealable orders if they finally dispose of discrete disputes over a creditor's claim or priority. *See In re Urban Broadcasting Corp.*, 401 F.3d 236, 247 (4th Cir. 2005).

Upon review of the orders Green appeals, the Court finds that none are appealable. First, the Bankruptcy Court's denial of Green's Motion to Appoint Counsel in the adversary proceeding

5

does not definitively dispose of a concrete dispute over a creditor's claim or priority. *See In re Urban Broadcasting Corp.*, 401 F.3d 236, 247 (4th Cir. 2005). Second, as to Green's Motion to Reconsider Temporary/Permanent Restraining Order, the Bankruptcy Court's denial of that Motion did not address Green's request for injunctive relief on the merits but instead deferred it to the proper procedural setting—an adversary proceeding on the merits. *See* Fed. R. Bankr. P. 7001(7) (listing "a proceeding to obtain an injunction or other equitable relief" as a type of "adversary proceeding"). Indeed, Green himself had already included as part of the relief sought in the adversary complaint a request for restoration of his driver's license and passport. Finally, the Bankruptcy Court's order staying the adversary proceeding was issued in order to resolve a motion to dismiss in Green's main bankruptcy case. Therefore, these appeals do not present final judgments that dispose of discrete issues over a creditor's claim or priority.

## CONCLUSION

For the foregoing reasons, Green's appeals in Case Nos. PJM-21-936, PJM-21-1332, and PJM-21-2666 are **DISMISSED**.

The Clerk shall **CLOSE** Case Nos. PJM-21-936, PJM-21-1332, and 21-2666.

A separate order will **ISSUE**.

Date: February 3, 2022

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE